UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN EARL BROWN

    Plaintiff,

v.

    Civil Case No. 23-12784
    Honorable Linda V. Parker

DETROIT POLICE DEPARTMENT,
et al.,

    Defendants.
_____/

## OPINION AND ORDER REJECTING PLAINTIFF'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE IVY'S APRIL 5, 2024 REPORT AND RECOMMENDATION (ECF No. 28)

Plaintiff Alvin Earl Brown ("Plaintiff") initiated this *pro se* wrongful termination lawsuit on November 1, 2023, asserting claims that he was terminated in violation of Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117, and was inadequately represented by his union, against Defendants Detroit Police Department ("DPD"), Detroit Police Officers Association ("DPOA"), Ralph Godbee ("Defendant Godbee"), and Paul Stewart ("Defendant Stewart"), (collectively "Defendants"). DPD and Defendant Godbee filed a motion for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c). (ECF No. 15.) DPOA filed a motion to dismiss pursuant to Federal

1

Rule of Civil Procedure 12(b)(6).  (ECF No. 18.)  Defendant Stewart has not joined in either motion.

This matter has been referred to Magistrate Judge Curtis Ivy, Jr. for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 5.)  It is presently before the undersigned on Magistrate Judge Ivy's Report and Recommendation (R&R), dated April 5, 2024, recommending the Court grant Defendants' motions.  (ECF No. 28.)

At the conclusion of his R&R, Magistrate Judge Ivy informs the parties that they must file any objections to the R&R within fourteen days.  Plaintiff filed timely objections on April 19, 2024.  (ECF No. 29.)  Defendants filed a joint response to Plaintiff's objections on April 25, 2024.  (ECF No. 30.)  Thereafter, on May 2, 2024, without leave of Court, Plaintiff filed a reply to Defendants' response to his objections.  (ECF No. 31.)

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (alteration added).  The Court, however, "is not required to articulate all of the reasons it

2

rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Magistrate Judge Ivy's R&R came to the following conclusions: (1) Plaintiff was aware of his responsibilities to obtain a Notice of Right to Sue letter and file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and failed to do so, thus failing to exhaust his administrative remedies (*see* ECF No. 28 at PageID. 415-16); (2) Plaintiff's claims are barred by the statute of limitations as, to be timely, his ADA claim needed to be filed by June 6, 2011, and, to the extent he raises a claim of breach of duty of fair representation, it needed to be filed by September 8, 2011 (*see id.* at PageID. 416-18); and (3) even if his claims were not time-barred, Plaintiff has neither established that he has a disability nor was terminated for discriminatory purposes. (*See id.* at PageID. 418-21.)

Plaintiff filed three objections to Magistrate Judge Ivy's R&R, however, the first two objections are nearly identical: the Detroit Chief of Police failed to issue a

3

termination letter and as a result, he could not file a charge with the EEOC and exhaust his administrative remedies. (ECF No. 29 at PageID. 431-32.) Plaintiff's third objection disputes Magistrate Judge Ivy's findings that Plaintiff's termination was not discriminatory and that the DPOA failed to adequately represent him. (*See id.* at PageID. 436.)

Plaintiff raises two nearly identical objections asserting that the Detroit Chief of Police failed to issue a termination letter and he could not file a charge with the EEOC and exhaust his administrative remedies. Plaintiff attaches, as an exhibit to his complaint, a letter dated August 11, 2011, from Defendant Godbee, then-Detroit Chief of Police, which reads, in relevant part, as follows:

> The Detroit Police Department (DPD) received notification from the Police and Fire Retirement System Board of Trustees that you are not disabled so as to be medically considered totally incapacitated to perform your duties as an officer. In accordance with DPD policy, I directed . . . an investigation to determine if your qualifications are in compliance with the standards and guidelines established by the DPD and the Michigan Commission on Law Enforcement standards.
>
> * * *
>
> After a thorough review of the investigation, your request for reappointment has been DENIED. This decision is based, in part, upon your employment and financial histories. Be advised that this decision is final and no further consideration for DPD employment will be given. Any further requests for reappointment consideration will not be honored.

(ECF No. 1 at PageID. 26.)  Plaintiff's objections that he was not provided a termination letter, and therefore could not file a complaint with the EEOC, is without merit and not supported by the record.

Moreover, the law does not require an employer to provide a "termination letter," but instead to provide a "notice of termination."  *See Campau v. Orchard Hills Psychiatric Ctr.*, 946 F. Supp. 507, 510 (E.D. Mich. 1996) (citing *Janikowski v. Bendix Corp.*, 823 F.2d 945, 947 (6th Cir. 1987) ("It is well-settled that the statutory period for filing an EEOC charge begins to run on the date that a plaintiff receives a notice of termination, not when his employment actually ceases.").  Plaintiff had notice on August 11, 2011, that he was no longer employed with the Detroit Police Department, he would no longer be considered for other employment with the Detroit Police Department, and the reasons for his termination.  This served as his notice of termination.  He subsequently failed to file a charge with the EEOC, resulting in the expiration of his claims.  The Court, therefore, rejects these objections.

With respect to Plaintiff's last objection, it is without merit.  Plaintiff objects to the R&R's holding that "[e]ven if the [ADA and failure to represent] claims were not time-barred, [Defendants] all correctly argue that Plaintiff does not allege they terminated his employment for discriminatory reasons."  (ECF No. 28 at PageID. 418 (alterations added).)  Specifically, Plaintiff objects to the R&R's

5

holding that he did not allege facts sufficient to support a finding of discrimination. (*See* ECF No. 29 at PageID. 435-38.)  Plaintiff's objection misses the mark as he does not dispute his untimeliness.  His objections to the R&R's holdings of the sufficiency of the allegations does not resolve the fact that the claims are time-barred by the statute of limitations.  A favorable resolution of this objection would not correct the timeliness issue nor allow him to obtain relief.  Therefore, it is not a meritorious objection.  As a result, the Court rejects this objection.

Accordingly,

**IT IS ORDERED** that Defendants Detroit Police Department and Ralph Godbee's motion for judgment on the pleadings (ECF No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Detroit Police Officers Association's motion to dismiss (ECF No. 18) is **GRANTED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: July 18, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 18, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager

6