UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN EARL BROWN,

        Plaintiff,

v.

        Case No. 23-cv-12784
        Honorable Linda V. Parker

PAUL STEWART,

        Defendant.
_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S JULY 15, 2024 REPORT AND RECOMMENDATION (ECF NO. 34), (2) DENYING AS MOOT PLAINTIFF'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND INFORMATION (ECF NOS. 40-45), AND (3) DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' ANSWERS TO HIS COMPLAINT AS NON-RESPONSIVE (ECF NO. 46)**

Plaintiff Alvin Earl Brown, proceeding pro se, initiated this wrongful termination lawsuit on November 1, 2023, asserting claims that he was terminated in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117, and inadequately represented by his union.  (*See generally* ECF No. 1.)  Mr. Brown named the Detroit Police Department; the Detroit Police Officers Association; Ralph Godbee, former Detroit Police Department Chief; and Paul Stewart, former Detroit Police Officers Association Vice President, as defendants (collectively, "Defendants").  (*Id.* at PageID.2-3.)  The Detroit Police Department,

1

the Detroit Police Officers Association, and Mr. Godbee were terminated from this matter as a result of the opinion and order the Court issued on July 18, 2024. (*See* ECF No. 35.)

This matter has been referred to Magistrate Judge Curtis Ivy, Jr. for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 5.) Accordingly, on July 15, 2024, Magistrate Judge Ivy issued a Report and Recommendation ("R&R"), recommending that the Court dismiss Mr. Brown's complaint against Mr. Stewart without prejudice pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 34 at PageID.466.) At the conclusion of his R&R, Magistrate Judge Ivy informs the parties that they must file any objections to the R&R within fourteen days. (*See id*. at PageID.466-67.) Mr. Brown filed objections on July 29, 2024. (*See* ECF No. 38.)

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001)

2

(citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

      Mr. Brown submits four objections to Magistrate Judge Ivy's R&R. First, Mr. Brown points out that the Clerk of the Court did not issue a corrected summons as to Mr. Stewart (and the other Defendants) until twenty-seven days after Mr. Brown served Mr. Stewart. (ECF No. 38 at PageID.491.) Despite the Clerk's notice of correction indicating that the original summons were issued without the deputy clerk's signature and the Clerk's issuance of the corrected summons, Mr. Brown claims that he believed the new summons he received in the mail were duplicates. (*Id.*; *see* ECF Nos. 9-11.) He, however, went on to serve the Detroit Police and Detroit Police Officers Association on December 1, 2023, with the corrected summons. (*See id.*; ECF Nos. 20, 21.) For reasons unknown, Mr. Brown chose not to serve Mr. Stewart with the corrected summons.

      Second, Mr. Brown argues that he is being "unreasonabl[y] blame[d]" for the Clerk of the Court's error in issuing the summons without the proper signature and that he was not aware of the error until Magistrate Judge Ivy issued a show

cause order on July 12, 2024. (ECF No. 38 at PageID.492-93.) He also maintains that he complied with the show cause order and the rules for service of process. (*Id*. at PageID.493-94.) As stated, the Clerk's Office notified Mr. Brown of the error and instructed him to file the corrected summons in November 2023, to which Mr. Brown partially complied by re-effectuating service on the Detroit Police and Detroit Police Officers Association in December 2023. (*See* ECF Nos. 9-11, 20-21.) There was no confusion that Mr. Brown needed to serve all Defendants, including Mr. Stewart, with the corrected summons. Mr. Brown has yet to serve Mr. Stewart with the corrected summons.

As to his third and fourth objections, Mr. Brown takes issue with how Magistrate Judge Ivy outlined the service requirements of Federal Rule of Civil Procedure 4 and states a general objection to the magistrate court's recommendation to dismiss his complaint against Mr. Stewart without prejudice. (ECF No. 38 at PageID.494-95.) The Court believes Magistrate Judge Ivy correctly summarized the service standards of the federal rules as well as Mr. Brown's obligation thereunder. Further, the Court finds that the circumstances do not present a reason for the Court to deviate from the magistrate court's conclusion.

After de novo review of the R&R and careful review of the corresponding objections, the Court reaches the same conclusion as Magistrate Judge Ivy.

4

Accordingly, the Court rejects Mr. Brown's objections and adopts the recommendation in the R&R.

Accordingly,

**IT IS ORDERED** that Mr. Brown's complaint against Mr. Stewart, *see* ECF No. 1, is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS FURTHER ORDERED** that Mr. Brown's requests for the production of documents and information from Defendants, ECF Nos. 40-45, and Mr. Brown's motion to strike Defendants' answers to his complaint as non-responsive, ECF No. 46, are **DENIED AS MOOT**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 14, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 14, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager